UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE WANG                                    CIVIL ACTION

VERSUS                                        NO. 15-1382

MUTAUL OF OMAHA, ET AL.                       SECTION "B"(5)

ORDER AND REASONS

## I.  NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim (upon which relief can be granted), or in the alternative, 12(e) Motion for a More Definite Statement by Defendants, Mutual of Omaha Insurance Company, Kathy Wilber, Michael Joseph Fargnoli and Michael Joshua Fargnoli.[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No memorandum in opposition to the pending motion, which was set for hearing on June 10, 2015, was submitted. District Courts may grant an unopposed motion as long as the motion has merit. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**, in part. Plaintiff's federal claim arising under Title VII of the Civil Rights Act of 1964 is

---

[1] Rec. Doc. No. 6.

hereby dismissed for failure to state a claim upon which relief can be granted. The Court declines to exercise its supplemental jurisdiction over the state law claims, dismissing them without prejudice.

## II.  FACTS AND PROCEDURAL BACKGROUND

The factual circumstances and basis for the instant action are largely unclear. A related action, *Thomas D'Aquin and Bruce Chia Wang v. Mutual of Omaha, et al.*, Civil Action No. 15-634, was dismissed by this Court for lack of subject matter jurisdiction.[2] Plaintiff here, Bruce Wang ("Wang"), refiled his action against Mutual of Omaha, Michael Joseph Fargnoli, Michael Joshua Fargnoli, Kathy Wilber, and the Louisiana Department of Insurance ("Defendants"). Wang also refers to Louisiana law firm, Boggs Loehn & Rodrigue, as a defendant in this action.[3]

It appears Wang sues them because he worked for the Fargnoli Agency ("Agency") and Defendants "without notice or reason terminated his contract in a secretive manner."[4] Wang had resigned from Branch Manager; however, continued his contract as an Agent which "enable[d] him to retain his residuals which was

---

[2] Civil Action No. 15-634, Rec. Doc. No. 23.
[3] Rec. Doc. No. 1 at 4.  Here, as in Civil Action No. 15-634, diversity jurisdiction cannot be established. Plaintiff is a citizen of Louisiana. The presence of Boggs, Loehn & Rodrigue, LLC as a defendant in this lawsuit defeats the requisite complete diversity. The Louisiana Department of Insurance, is considered a citizen of Louisiana for diversity jurisdiction purposes. The Court addresses the motion to the extent that subject matter jurisdiction is predicated on federal question jurisdiction, 28 U.S.C. § 1331.
[4] Rec. Doc. No. 1 at 1.

100,000 per year."[5] Following termination, Wang received a Notice of Separation; however, it appears he did not receive any information regarding the termination. Wang seeks residuals for his wrongful termination in the amount of $2,000,000 ($100,000 over the course of an expected 20 year career).[6] Further, Wang claims he was illegally "charged back" while not being paid and consequently seeks damages for violations of his "Civil Rights of Title VII."[7] Next, Wang claims that the Fargnoli Agency engaged in fraudulent business practices by "continuing to discredit Mr. Wang by contacting his clients and saying he was no longer with them."[8] According to Wang, this was untrue because at the time, he acted as a broker and had a valid contract.[9]

Lastly, Wang claims that the Agency and the Louisiana Department of Insurance ("LOI") defrauded insured persons. A federal court must, where necessary, raise the issue of Article III constitutional standing *sua sponte*. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331 (5th Cir. 2001). "[W]here a party attempts to enforce claims rightfully belonging to another, their claims must be dismissed for lack of standing." *Grows v. Turner Indus. Group, LLC*, Civil Action No. 13-2806, 2013 WL 6072721, at *2 (E.D. La. Nov. 18, 2013) (citing

---

[5] Rec. Doc. No. 1 at 1.
[6] Rec. Doc. No. 1 at 2.
[7] Rec. Doc. No. 1 at 2.
[8] Rec. Doc. No. 1 at 2.
[9] Rec. Doc. No. 1 at 2.

*Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Warth et al. v. Seldin et al.*, 422 U.S. 490, 499 (1975) (a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Central to the standing requirement is the prerequisite that a claimant assert their own legal interests, and not the legal rights of other persons. As Wang alleges fraud committed against third parties, the Court must dispose of his fraud claim.

Defendants move the Court to dismiss the Complaint, arguing that it fails to state a cause of action upon which relief can be granted. In the alternative, Defendants request a more definite statement, as it is vague and ambiguous. Further, Defendants urge that this latest filing constitutes an abuse of process, and Wang should be sanctioned for the successive filings.

III.   **LAW AND ANALYSIS**

a. *Fed. R. Civ. P. 12(b)(6) Standard for Dismissal*

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations

4

must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In determining whether a plaintiff has pled factual allegations to state a claim that is plausible, the Court may not evaluate the plaintiff's likelihood of success but must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009); *see also Twombly*, 550 U.S. at 555 (factual allegations, which taken as true, must be enough to raise a right to relief above the speculative level, even if doubtful in fact).

> b. *Whether the Original Complaint States Claims upon which Relief can be Granted*

Title VII Claim

Plaintiff has asserted a single federal claim under the 1964 Civil Rights Act, Title VII. Title VII provides a remedy for race, national origin, sex, and/or religion discrimination

in employment. 42 U.S.C. § 2000e-2. However, "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). A plaintiff meets this requirement if he (1) files a timely charge with the Equal Employment Opportunity Commission; and (2) receives a right to sue letter. *Id.* Each Title VII requirement is a prerequisite to federal subject matter jurisdiction. *See Filer v. Donley*, 690 F.3d 643, 648 (5th Cir. 2012)(Jones, J.).

There is no evidence in the record that Wang has exhausted his administrative remedies. However, neither the Supreme Court nor the Fifth Circuit sitting en banc has addressed the effect of a Title VII plaintiff's failure to exhaust administrative remedies. In *Pinkard v. Pullman-Standard, a Div. Of Pullman, Inc.*, the earliest panel decision on this issue, the court held that receipt of a right-to-sue letter is a condition precedent subject to equitable modification, rather than a jurisdictional prerequisite, which if not satisfied deprives federal courts of subject matter jurisdiction. 678 F.2d 1211, 1215 (5th Cir. 1982); *see also Julian v. City of Hous., Tex.,* 314 F.3d 721, 725 n. 3 (2002)("Our Title VII cases hold that 'receipt of a right-to-sue letter is not jurisdictional but a condition precedent subject to equitable modification.'")(quoting *McKee v. McDonnell*

6

*Douglas Technical Servs. Co., Inc.,* 705 F.2d 776, 777 n. 2 (5th Cir. 1983)).

The Court finding that Wang fails to state a claim under Title VII, finds it unnecessary to resolve this potential conflict. The facts, accepted as true, do not support an employment discrimination claim. The Title VII claim is predicated on an illegal "charge back." Title VII is only applicable against employers. *Grant v. Lone Star Co*., 21 F.3d 649, 652 (5th Cir. 1994). Plaintiff has not alleged that the Fargnoli Agency engaged in unlawful employment practices by either: (1) failing or refusing to hire him or otherwise discriminating against him with respect to his compensation, terms, conditions, or privileges of employment; or (2) limiting, segregating, or classifying Plaintiff, on the basis of his race, color, religion, sex or national origin. *See* 42 U.S.C. § 2000e-2(a). The linchpin for a claim arising under Title VII is the requisite discrimination, which Plaintiff does not allege. Plaintiff fails to state a claim under Title VII, therefore dismissal is proper.

<u>Pendent State Law Claims: Wrongful Termination and Unfair Trade (Business) Practices</u>

Pursuant to 28 U.S.C. 1367(C)(3), this Court may decline to exercise supplemental jurisdiction if it has "dismissed all

7

claims over which it has original jurisdiction." This Court has no original jurisdiction over Plaintiffs' state law tort claims. Plaintiff knowingly risked dismissal of these claims when he filed suit in federal district court and invoked the Court's discretionary supplemental jurisdiction power.

When a matter is still in the pleadings stages of litigation, the general rule is to dismiss pendent state claims if all the federal claims are dismissed. *See McClelland v. Gronwaldt,* 155 F.3d 507, 519 (5th Cir.1998)(citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir.1989)); *cf. Batiste v. Island Records Inc.,* 179 F.3d 217, 227-28 (5th Cir. 1999) (holding that the district court did abuse its discretion by dismissing pendant state law claims when the case had moved beyond the pleadings, substantial discovery had taken place, and trial was one month away). Here, it is undisputed that no discovery has taken place in this matter and the litigation is still in the pleadings stage.

"Although failure to respond to a motion will be considered a statement of no opposition, this Court is not required to grant every unopposed motion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355-56 (5th Cir. 2003). Rather, after considering the record and the applicable law, this Court will grant unopposed motions that have merit. *See John v. State*

*of La (Bd. of Trustees for State Colleges and Universities),* 757 F.2d 698, 709 (5th Cir. 1985). With an insufficient record and information before it to adequately assess the merits of the state law claims, the Court declines to exercise supplemental jurisdiction over these state law claims, dismissing them without prejudice.

## IV.   CONCLUSION

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED**, in part. Plaintiff's federal claim arising under Title VII of the Civil Rights Act of 1964 is hereby dismissed for failure to state a claim upon which relief can be granted. The Court declines to exercise its supplemental jurisdiction over the state law claims, dismissing them without prejudice.

The Court cautions Plaintiff to familiarize himself with Rule 11 of the Federal Rules of Civil Procedure, as well as the concepts of claim preclusion. The plaintiff is also admonished that, should he file another complaint under Title VII in this Court, against these same defendants, which is found to be without jurisdictional basis, he may be cast with costs and attorney's fees, and sanctioned appropriately.

**IT IS FURTHER ORDERED** that all future pleadings, petitions, or complaints, whether *pro se* or through counsel, shall be verified by Plaintiff prior to submission and filing with the United States District Court for the Eastern District of Louisiana, and that he shall include with every future complaint or pleading to be filed a list of all causes previously filed on that same, similar, or related causes of action and include therein a brief statement regarding the Court's ruling in that previous action.

New Orleans, Louisiana, this 11th day of June, 2015.


UNITED STATES DISTRICT JUDGE